JULIUS S. JOYNER v. THOMAS H. SPEED.

The assignee of a widow, entitled to 103 acres of land as dower, has a right to clear 10 acres of such dower land, where the clearing and the timber thereon is necessary for the proper cultivation of the remainder, and also necessary for the support of the widow and her children. The order restraining such clearing was properly vacated.

CIVIL ACTION, for damages on account of alleged waste, and to restrain the defendant from clearing certain lands, heard by *Watts, J.,* at Chambers, in FRANKLIN county, on the 17th day of February, 1872.

Upon the hearing his Honor found the following facts: J. S. Joyner, the plaintiff, purchased at an administrator's sale in the year 1863 or '64, 103 acres of land, subject to the dower interest of Mrs. M. E. Allen; that about 50 acres of the land are cleared and have been in cultivation for a number of years, the other 53 acres have grown up mostly in old field pines, and that a small portion of the 53 acres is in original growth, say from 10 to 20 acres. On the 1st January, 1872, the tenant for life, Mrs. Allen, or her agent, rented the premises for the year 1872 to the defendant, Speed, with the express understanding and agreement in writing, that the defendant should have the privilege of clearing 10 acres of the old field land and put the same in cultivation, and to carry away and convert to his own use the wood from said 10 acres, the same being old field pine, the growth of not more than 25 or 30 years on the said land; that the defendant bound himself in a bond or obligation to clear and cultivate the land in question; that he commenced to clear the land, cutting off the pine trees as per agreement, and designed to sell the wood for his own benefit. That he, the defendant, gave a much larger price for the rent of the land in consideration of the wood that would result from the clearing of the land, than the ordinary rent the land had hitherto brought or was likely to bring. That

JOYNER v. SPEED.

Mrs. Allen had some five or six children to support, and that the only visible, available property with which to support herself and family, is the products realized from said dower interest in said land or the rents arising therefrom.

Upon the foregoing facts, as conclusions of law, his Honor held, the defendant, Speed, occupies the same position. during his lease as the tenant in dower, and is subject to the same liabilities and invested with the same rights. That the tenant for life is not liable for waste in cutting and clear- ing and selling the wood from 10 acres of land; as in this case, and under the circumstances disclosed by the facts before found to exist. Therefore it was adjudged by the Court, that the injunction restraining the defendant from clearing the said 10 acres, &c., heretofore granted, be dis- solved and vacated, and that the cost of this proceeding be paid by the plaintiff.

From this judgment the plaintiff appealed.

*Jones & Jones*, for appellant.
*Davis* and *Cooke*, contra.

BOYDEN, J. In this case it does not appear in the com- plaint what portion of the dower land is cleared, but for aught that is shown by the complaint the whole dower land may be grown up in old field pines like the ten acres about. to be cleared. But suppose the defects in the complaint are supplied by the answer, still we think his Honor was right. in dissolving the injunction. By the answer it appears, that there were 103 acres of the dower lands, of which about. 50 acres are cleared, and that of these 50 acres a portion thereof is worn out and has become unfit for cultivation and is now left to grow up in pine, like the 10 acres about to be cleared for cultivation. So that, using the answer to sup- ply the manifest defects in the complaint, the case made by the pleadings is this, to-wit: The intestate, Conyers, at his.

death, owned in fee a tract of land of 303 acres, and out of which tract there was assigned to his widow, as dower, 103 acres; that at a public sale for the payment of debts, the plaintiff purchased and now owns the whole tract, subject to the widow's right of dower in the 103 acres, part of the said tract. That of the 103 assigned as dower, about one-half thereof was cleared, and of the balance some 20 acres are now in timber of the original growth and some 30 acres in old field pine, and of the cleared land a portion thereof is worn out and is left to grow up in pine like the 10 acres about to be cleared. It also appearing that most of the timber about to be cut on the 10 acres will be required for repairing the fences around the cultivated land, and that the means of support of the widow and children require these 10 acres to be cleared and cultivated; that such clearing will enhance instead of diminishing the value of the estate. There is no statement in the complaint or answer as to the condition in regard to the timber of the 200 acres of the plaintiff not encumbered with the dower, and for aught that appears the larger portion thereof may be in timber.

Upon the above statement of the case, we are of opinion that the injunction heretofore granted was properly dissolved. The cases cited for defendant fully sustain the ruling of his Honor.

We are further of opinion that the complaint does not state a case that entitled the plaintiff to the original restraining order.

There is no error. This will be certified.

PER CURIAM.                    Injunction dissolved.